IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OWEN JAMES YARBOROUGH, | § | |
| (TDCJ No. 325665) | § | |
| VS. | § | CIVIL ACTION NO.4:11-CV-207-Y |
| | § | |
| | § | |
| SHERIFF, | § | |
| Tarrant County, Texas, et al. | § | |

<u>OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1)</u>

Pro-se plaintiff Owen James Yarborough's complaint under the Prison Lit. Ref. Act ("PLRA"), 28 U.S.C. §1915A et seq, is before the Court. An inmate at the Texas Department of Criminal Justice's Stevenson unit, his complaint alleges violations of his constitutional and federal rights arising from his 1980 arrest and detention in the Tarrant County jail. (Compl. Style; pp. 2-3.) Yarborough contends that he was illegally arrested, kidnaped, and falsely imprisoned. (Compl., pp. 2-3.) He lists as defendants, without naming them, the then sheriff and district attorney of Tarrant County, Texas. (Compl., Style.) He seeks to have this Court investigate his claims. (Compl., p. 4.)  In documents he labeled as "Letters to the Clerk" filed on June 27, 2011, and on August 18, 2011, respectively, and a September 26, 2011, document entitled "Motion for Order in the Court," which have been reviewed by the Court as supplements to the complaint, Yarborough also seeks relief from Tom Cave, former state district judge, attorney Jack Strickland, and investigator Danny Long, and he also seeks monetary damages. (docs. 7, 10, and 16.) Yarborough fails to acknowledge that

he was convicted of murder and sentenced in 1981 to life in prison.[1]

Section 28 U.S.C. § 1915A(a) requires the Court to review a complaint from a prisoner seeking relief against a governmental entity or governmental officer or employee as soon as possible after docketing.[2] This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Yarborough's claims as asserted in the complaint and supplements, the Court concludes that they must be dismissed under the authority of § 1915A(b)(1).

The Court notes that Yarborough's claims in this case are

---

See *Yarborough v. Cockrell*, 4:02-CV-728-A (Findings, Conclusions, and Recommendation entered September 4, 2002, adopted September 26, 2002.) The Court takes judicial notice of the records of this Court.

See 28 U.S.C.A. § 1915A(a)(West 2006).

See 28 U.S.C.A. § 1915(b)(1) and (2)(West 2006).

See *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

*Id., citing Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

duplicative of claims already asserted and dismissed in previous cases in this Court. In this regard, see the Court's Order and Judgment entered in *Yarborough v. Curry, et al.*, No. 4:99-CV-977-A (copies of which are attached hereto), in which the Court recounts Yarborough's numerous prior civil cases challenging the actions of those involved in his arrest and conviction. In reviewing a similar multiple-suit scenario by an inmate plaintiff, the Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[6]

Because Yarborough's claims in the instant case are very similar to claims already dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(b) in this the Northern District of Texas, such claims

---

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas*, No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(Lynn, J.)(adopting magistrate judge's analysis of *Bailey*, and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

asserted herein must be dismissed as malicious under 28 U.S.C. § 1915A(b)(1). Alternatively, as Yarborough's claims are also barred by the doctrine of *res judicata,* they are dismissed for failure to state a claim under § 1915A(b)(1).

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1).[7]

SIGNED October 6, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

Although Yarborough filed a motion seeking to have the Court direct that the warden and assistant warden at the Stevenson unit provide him eyeglasses and allow him to add claims of retaliation and interference with access to Courts, those issues are not raised in the pleadings and do not relate to the facts made the basis of this case. Thus, such motion (doc. 15) is dismissed without prejudice.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

FEB - 3 2000

NANCY DOHERTY, CLERK

By _____
        Deputy

IN THE UNITED STATES DISTRICT CCURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OWEN JAMES YARBOROUGH,          §
                               §
         Plaintiff,            §
                               §
VS.                            §    NO. 4:99-CV-977-A
                               §
TIM CURRY, DISTRICT ATTORNEY,  §
ET AL.,                        §
                               §
         Defendants.           §

## FINAL JUDGMENT

In accordance with the court's order of even date herewith,

The court ORDERS, ADJUDGES, and DECREES that the claims of plaintiff, Owen James Yarborough, against defendants, Tim Curry, District Attorney, Dave Bays, Assistant District Attorney, Greg Pips, Assistant District Attorney, Jack V. Strickland, Danny Long, and B. G. Whistler, be, and are hereby, dismissed with prejudice. The court further ORDERS, ADJUDGES, and DECREES that plaintiff not file any further civil actions or appeals in civil actions under 28 U.S.C. § 1915 without first obtaining leave of court. 28 U.S.C. § 1915(g).

SIGNED February 3, 2000.

_____
JOHN McBRYDE
United States District Judge

ENTERED ON DOCKET

2-4-00

U.S. DISTRICT CLERK'S OFFICE

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

FEB - 3 2000

NANCY DOHERTY, CLERK
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OWEN JAMES YARBOROUGH, §
§
Plaintiff, §
§
VS. § NO. 4:99-CV-977-A
§
TIM CURRY, DISTRICT ATTORNEY, §
ET AL., §
§
Defendants. §

ORDER

Came on for consideration the above-captioned action wherein
Owen James Yarborough is plaintiff and Tim Curry, District
Attorney, Dave Bays, Assistant District Attorney, Greg Pips,
Assistant District Attorney, Jack V. Strickland, Danny Long, and
B. G. Whistler are named as defendants. This action has been
filed in forma pauperis pursuant to 28 U.S.C. § 1915. Before
ordering service of process, the court routinely reviews
complaints such as this one to determine whether the court's
jurisdiction has been properly invoked. Having considered
plaintiff's complaint and pleadings in other cases filed by him,
the court finds that this action must be dismissed and notes that
this is at least plaintiff's third strike under the Prison
Litigation Reform Act. See Yarborough v. National Archives, No.
4:99-CV-883-Y (N.D. Tex. Feb. 2, 2000); Yarborough v. Johnson,
No. W-96-CA-134 (W.D. Tex. Aug. 20, 1996). The court further

ENTERED ON DOCKET

2-4-00

U.S. DISTRICT CLERK'S OFFICE

notes that this is at least the third time that plaintiff has attempted to bring the same claims against the same defendants. See Yarborough v. Strickland, No. 4:96-CV-463-Y, and Yarborough v. Strickland, No. 4:93-CV-287-Y. Accordingly, plaintiff's claims are barred by res judicata and will be dismissed with prejudice. Boyd v. Biggers, 31 F.3d 279, 283-84 (5th Cir. 1994).

The court ORDERS that plaintiff's claims in this action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915(e)(2)(B). The court further ORDERS that plaintiff not file any further civil actions or appeals in civil actions under 28 U.S.C. § 1915 without first obtaining leave of court, which shall not be granted unless plaintiff is under eminent danger of serious physical injury. 28 U.S.C. § 1915(g).

SIGNED February 3, 2000.

JOHN McBRYDE
United States District Judge

2